MARY L. BOBBITT, Appellant, v. UNITED RAIL-
WAYS COMPANY OF ST. LOUIS, Respondent.

St. Louis Court of Appeals. Submitted on Rehearing December 14,
1912.    Opinion Filed January 4, 1913.

1. **NEGLIGENCE: Pleading: Specific Negligence: Variance.**
Where the petition in a negligence case charges negligence spe-
cifically, such negligence must be proved, since a party cannot
sue on one cause of action and recover on another.

2. **CARRIERS OF PASSENGERS: Street Railways: Injury to
Passenger: Premature Start of Car: Sufficiency of Evidence.**
In an action against a street railway company for injuries sus-
tained by a passenger, the petition alleged that, after the speed
of the car had been reduced to a very low rate, defendant's
employees, without bringing it to a stop, so as to enable plain-
tiff to alight from it, negligently, suddenly and violently started
it forward at an increased speed, thereby causing her to be
jerked, jarred and thrown from the car. Plaintiff's own testi-
mony, while tending to prove that she was thrown from the car
by reason of a sudden jerk of the car, was inconsistent and
contradictory concerning whether the car suddenly started after
having stopped, or whether it suddenly started up with a jerk
while it was stopping but before it had come to a full stop, or
whether the jerk was due to the car merely coming to a stop.
*Held*, that although defendant would not be liable if the jerk
was caused by the car coming to a stop, because there was no
proof that the jerk was an unusual one, yet inasmuch as defend-
ant would be liable under the other versions of the accident
given by plaintiff, it was a question for the jury to determine
which version was correct, or whether any credit should be
given to her testimony because of its inconsistency, and hence
the direction of a verdict for defendant was improper.

3. **EVIDENCE: Admissions: Contradictory Testimony of Plain-
tiff: Trial Practice.** Where the plaintiff's own testimony is con-
tradictory and inconsistent, and one of his versions would and
the other would not warrant a recovery, he should not be de-
nied a recovery as a matter of law, but the question as to which
version is correct should be submitted to the jury.

4. **CARRIERS OF PASSENGERS: Street Railways: Injury to
Passenger: Sudden Stop of Car.** A street railway company
is not liable for injuries to a passenger thrown from a car by
a jerk of the car in coming to a stop, unless the jerk is an un-
usual one.

5. ———: ———: ———: ———. A street railway company is liable for injuries to a passenger thrown from a car by a sudden jerk in starting it without warning while the passenger is preparing to alight, whether or not the jerk is an extraordinary one.

6. ———: ———: ———: ———: **Pleading: Sufficiency of Petition.** In an action against a street railway company for injuries sustained by a passenger, an allegation in the petition that the jerk by which plaintiff was thrown from the car was the result of suddenly and negligently starting the car sufficiently pleaded the specific act of negligence that caused the jerk.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

REVERSED AND REMANDED.

*Kinealy & Kinealy* for appellant.

The court erred in instructing the jury that on the evidence the plaintiff was not entitled to recover and that their verdict should be in favor of the defendant. Stetzler v. Street Railway, 227 Mo. 454; Ridenhour v. Railroad, 102 Mo. 270; Quinn v. Street Railway, 218 Mo. 545; Huff v. St. Joseph R. L. H. & P. Co., 213 Mo. 495; Stetzler v. Street Railway, 210 Mo. 704; Zander v. Transit Co., 206 Mo. 445; Jennings v. Swift & Co., 130 Mo. App. 391.

*Boyle & Priest* and *R. E. Blodgett* for respondent.

The demurrer was properly sustained. Bartley v. Street Railway, 148 Mo. 124; McGrath v. Transit Co., 197 Mo. 105; Feary v. Street Railway, 162 Mo. 96; Ely v. Railroad, 77 Mo. 34; Beave v. Transit Co., 212 Mo. 331; Miller v. Railroad, 155 Mo. App. 528; Kirkpatrick v. Street Railway, 211 Mo. 68.

REYNOLDS, P. J.—This is an action brought by plaintiff, appellant here, for damages for injuries al-

leged to have been sustained while a passenger on a car of the respondent street railway company. It is averred that plaintiff, having signalled for the car to stop, walked to the front platform, "and stood in a position to alight therefrom after said car had been brought to a standstill; that while plaintiff was so waiting for said car to be stopped in order that she might ailght therefrom and after the speed of said car had been reduced by the employees of defendant in charge thereof to a very slow rate, the defendant's said employees, without bringing the said car to a stop so as to enable plaintiff to alight therefrom, negligently, suddenly and violently started said car forward at an increased speed, thereby causing plaintiff to be jerked, jarred and thrown from said car to the street." Setting out the injuries sustained, plaintiff prays judgment for $3500.

The answer was a general denial and a plea of contributory negligence, to which latter a reply was filed.

The cause coming on for trial before the court and a jury, at the conclusion of the evidence offered and introduced by plaintiff, the court at the instance of defendant instructed the jury that under the law and the evidence plaintiff could not recover and that their verdict must be for defendant. Excepting to the giving of this instruction, plaintiff took a nonsuit with leave to move to set the same aside. In due time she filed her motion, which was overruled, exception saved to the action of the court, and appeal duly perfected to this court.

The error here assigned is to the action of the court in giving the peremptory instruction in favor of defendant, it being claimed that on the evidence introduced by plaintiff she was entitled to go to the jury. The testimony of plaintiff herself as to the accident, on her direct examination, is about as follows: She was a passenger on a car of the defendant com-

pany and desired to get off at Pendleton avenue. She was sitting in the third seat from the front of the car and started toward the rear of it but could not get through as the aisle was crowded. She then started out toward the front entrance. She reached the front platform, had one foot on the platform and one on the step, when the car gave a jerk and she was thrown off. The car had slowed up and she had her feet in the position stated and all at once it started up with a jolt and knocked her off. This front platform as well as the car itself was crowded. The car started with a jolt; "it gave an awful jolt," and she was thrown out, alighting on her head. Some people picked her up and helped her home.

On cross-examination plaintiff stated that the car was not in motion when she tried to get off; it gave a jolt just as she was about to get off; it had slowed down and as she was getting off it started up with a jolt. Asked if she had started to get off before the car had come to a stop, she answered, that it had slowed down. In brief, the testimony of plaintiff on cross-examination, re-examination and under questions put to her by the court, was very contradictory, except in this: that the sudden jerk threw her.

Plaintiff was followed as a witness by a lady who was a passenger on the car at the time and who saw her go out to the front platform and who said she felt a jar or jerk of the car, but who did not know where plaintiff was when this occurred and did not see the accident.

The physician who attended plaintiff testified to her injuries.

At the close of plaintiff's evidence defendant asked for an instruction that on this evidence plaintiff could not recover. The jury were excluded and counsel argued the matter, at the conclusion of which counsel for plaintiff asked to be allowed to recall her. She was recalled, the jury also being recalled, and plaintiff

resuming the stand, the court directed the stenographer to read to her that part of her testimony which had been read to the court. What particular part that was does not appear. Plaintiff was again examined by the court and counsel, and her testimony was again very contradictory. The court at first told counsel for defendant to go ahead with their case; that he would let it go to the jury, but on argument by counsel, the court reconsidered this and gave an instruction to the effect that plaintiff could not recover.

The sole question here is as to whether on the testimony of plaintiff, the cause should have been submitted to the jury. That rests on the question as to whether that testimony was within the averments of the petition.

In very many cases our Supreme Court has held that the negligence averred, where specific negligence is averred, must be proven as averred. [See Beave v. St. Louis Transit Co., 212 Mo. 331, l. c. 351, 111 S. W. 52.] Broadly stated this is on the well-settled principle that a party cannot sue on one cause of action and recover on another. It is in line with this that it is held that when the pleader charges specific acts of negligence, he cannot recover as on *res ipsa loquitur*. [See Price v. Metropolitan St. Ry. Co., 220 Mo. 435, 119 S. W. 932; Gibler v. Quincy, O. & K. R. Co., 148 Mo. App. 475, 128 S. W. 791.]

The negligence here averred is in suddenly starting the car with a jerk; thus, that the speed of the car had been reduced to a very slow rate and that defendant's employees, without bringing the car to a stop so as to enable plaintiff to alight therefrom, negligently, suddenly and violently started the car forward at an increased speed, thereby causing plaintiff to be jerked, jarred and thrown from the car. The gist of this is, that the car had been suddenly started while plaintiff was about to alight and that this sudden start caused plaintiff to be thrown off and down.

We have concluded on reconsideration of this case that the action of the trial court in taking the case from the jury cannot be sustained. As contradictory as was the testimony of plaintiff herself, she was consistent in her claim that a sudden jerk had thrown her off. Her inconsistency was as to whether the car had stopped and then suddenly started, or while stopping, had, without coming to a full stop, suddenly started up with a jerk. It was for the jury to determine which version she gave as to this was correct, or whether they gave any credit whatever to her testimony by reason of its inconsistency.

The testimony of plaintiff herself left it in doubt as to whether the jerk complained of was due to the car merely coming to a stop or to its being started up without warning as plaintiff was preparing to alight. In the first event the defendant would not be liable, for there is no proof that the jerk was an unusual one. The defendant would be liable in the second event, for it would be negligence on the part of the defendant to start the car under the circumstances, whether the jerk was extraordinary or not. Hence it was for the jury to consider and weigh plaintiff's own testimony as well as that of her fellow passenger, to the effect that the car started up with a jerk as against even the testimony of plaintiff herself that she did not know whether the jerk was caused by the car coming to a stop or by its starting up. Which version given by plaintiff was correct, was for the determination of the jury.

Counsel for respondent argue that plaintiff has not pleaded any specific act of negligence which caused the jerk. The allegation in the petition is that the jerk was the result of suddenly and negligently starting the car. We think this sufficient.

It follows that the judgment of the circuit court must be and it is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.,* concur.