ON REHEARING.
A rehearing was granted in this case on account of the fact that we had overlooked that plaintiff had dismissed as to defendant Railroad Company while this case was pending in the Supreme Court and that by an order of that court James C. Davis, Agent designated by the President under the Transportation Act of 1920, was substituted as a party defendant in the place of the railroad company and the director general. Therefore, all of that part of the foregoing opinion by ARNOLD, J., dealing with the liability of the railroad company is immaterial and should be disregarded.
However, we have again gone carefully over the points made by the remaining defendants and find that the conclusions reached in the foregoing opinion were correct. Much stress is laid upon the testimony of plaintiff that the front wheels of his truck were upon the track *Page 474 
before he looked for an approaching train. The evidence shows that the front wheels were four feet from the front end of the truck and that plaintiff was seated upon the truck at a point located midway between the front of the truck and the front wheels. If the front wheels of the truck were upon the track when plaintiff first looked, he must have been two feet from the track while the evidence shows that his view was unobstructed from a point slightly over five feet from the track, and, therefore, he did not look as soon as he could.
It is true that plaintiff testified when he first looked that his front wheels were upon the track. However, there is evidence from which the jury could say that plaintiff was mistaken in this statement. The distance between the coal shed and the track was so small that it would be easy for plaintiff to make a slight error in regard to this matter in view of the position of the seat upon the truck in relation to its front and front wheels. There was ample evidence that the front wheels of his truck did not reach the track. As stated in the former opinion, there was evidence that the projecting box over the journal on the left side of the first car, which was south of the front end of the truck, struck the truck. Had the front wheels of the truck been upon the track, some portion of the front end of the car would have struck the automobile. There was ample evidence from which the jury could find that no part of the truck ever reached the track. In plaintiff's deposition he testified that he looked when the front end of his truck was two feet from the track and that he was sitting about three feet from the front of the truck. There was substantial evidence from which the jury could find that plaintiff looked as soon as possible and at that time it was too late to avoid the collision. Of course, the jury had a right to resolve conflicting testimony in favor of plaintiff. [Bobbitt v. United Rys. Co., 169 Mo. App. 424, 429; Cravens v. Hunter,87 Mo. App. 456; Eidson v. Met. St. Ry. Co., 209 S.W. 575; Downs v. Racine-Sattley Co., 175 Mo. App. 382.] *Page 475 
It is insisted that there is no evidence that when plaintiff listened immediately before driving through the opening between the barn and the coal shed, he listened carefully. Plaintiff was asked what he did in regard to listening for trains and he answered "I listened." He did not say that he listened carefully but from all of his testimony, and that of the man who was to his rear, the jury could find that the listening was carefully done. Plaintiff had his head out of the truck, was going slowly, and there was no noise sufficient to interfere with his hearing.
It is contended that plaintiff could have used a crossing located at the north side of the yard instead of using a dangerous crossing where he was injured; that if he came into the yard at the northeast corner, he was then on the east side of the track and should have staid on that side; that it was not necessary for him to drive his truck across the track in order to reach the office but that he could have walked across; and that if he came in at the northwest corner of the yard, he could have gone to the office and used the crossing north of the barn, which was less dangerous. We think there is no merit in this contention. The crossing where plaintiff was injured was a much used one, one that he and others had used daily and one which he had a right to cross if while doing so he used ordinary care. No doubt there were a great many things that plaintiff could have done or not done which would have placed him at some other point at the time he was run into. What bearing this has upon the negligence of the defendant and the contributory negligence of the plaintiff we are unable to see.
It is pointed out to us that the petition alleged that it was the custom of the railroad company to send a man ahead to "flag" the crossing. There is no allegation that it was the custom of the director gener of railroads to do these things. However, this allegation in the petition as to the custom of the railroad company had reference to the date of plaintiff's injury, which was on the 15th day of October, 1918, and it is further alleged *Page 476 
that the director general of railroads on said day was negligent in failing to send a man ahead of the engine and cars for the purpose of warning. Courts take judicial notice of the fact that the railroad company was not operating this engine and cars on the 15th day of October, 1918, but that they were operated by the director general of railroads. [Yarde v. Hines, 238 S.W. 151.] After verdict the petition must be construed liberally in favor of plaintiff. In view of this rule we think that the petition alleges a cause of action against the director general for failing to follow a custom in existence upon that day.
Other points are again insisted upon by defendants which are fully covered and answered in the original opinion and need not be further considered, for the reason that there is clearly no merit in them. One of these points is that there is no evidence of the usage or custom pleaded. While it may be that the preponderance of the evidence was that there was no such usage or custom, there was substantial evidence that there was and the issue raised by this conflict in the testimony was decided in plaintiff's favor by the jury.
The judgment against the defendant, James C. Davis, Agent designated by the President under the Transportation Act of 1920, is affirmed, but it is reversed as to the defendant, Miller F. Hughes.
All concur.