RUTH HARVEY, Appellee, v. AXEL BORG et al., Appellants.

No. 42600.

November 13, 1934.

Putnam, Putnam, Langdon & Fillmore, and Hal W. Byers, for appellants.

Rippey & Seeburger, for appellee.

STEVENS, J.—Walnut Street and Court Avenue in the city of Des Moines run east and west. East Thirteenth Street Court runs north and south and connects Walnut Street and Court Avenue. The owner of the Chevrolet coupe in which appellee was riding resides a short distance west of the intersection of Thirteenth Street Court with Walnut Street. About 5 p. m., Mrs. Fagen, the owner of the coupe, accompanied by Ruth Harvey, appellee, as her guest, started to drive to the city hall at East First and Locust Streets, some thirteen blocks distant. The car was parked in front of the apartment where Mrs. Fagen lived. They started east, and, as they turned the corner at Thirteenth Street Court to the south, the occupants of the coupe saw a car coming west on Walnut Street some distance away. Appellee was seated by the right side of Mrs. Fagen, who was driving the car, and was a guest or passenger only. As the car proceeded south on Thirteenth Street Court, there was no traffic ahead and no cars parked on the street. The Borg Grocery Store is located at the northeast corner of the intersection of Thirteenth Street Court with Court Avenue. Driving on the right-hand side of the street at a speed of eighteen or twenty miles per hour, Mrs. Fagen and her companion felt something strike their car with considerable force in the rear. Looking back, Mrs. Fagen saw Elmer Borg in the grocery truck behind them. Thus it appears that the street was without traffic, the pavement was dry, and there

was nothing to prevent appellant from seeing the car in which appellee was riding. The injuries received by appellee were painful and serious.

After alleging preliminary facts and describing the injuries received by appellee, the petition states:

"That in striking and injuring her, as aforesaid, the defendants were negligent and such negligence was the direct and proximate cause of plaintiff's injuries, and at all times plaintiff was free of any negligence on her part contributing thereto."

A motion to strike the foregoing allegation of the petition was filed by appellant and overruled by the court. This was followed by a motion for more specific statements in which appellee was asked to state the particular acts of negligence of which appellee complained. A resistance to this motion was filed by appellee in which she states that she relies upon res ipsa loquitur and, therefore, may not be required to state specific acts of negligence. This motion was likewise overruled.

The propositions relied upon by appellant include the overruling of each of the foregoing motions.

At the outset, we are confronted with the question as to whether the res ipsa loquitur rule may properly be applied to the facts of this case. Res ipsa loquitur has been defined and also applied in divers cases and to a great variety of facts in perhaps all of the states of the Union. It means simply that the facts speak for themselves. To undertake to define its limitations would lead only to confusion and uncertainty. The rule is applied generally when all the instrumentalities which might cause an injury are under the exclusive control and management of the defendant. Larrabee v. D. M. T. & A. Co., 189 Iowa 319, 178 N. W. 373; Orr v. D. M. Elec. Light Co., 207 Iowa 1149, 222 N. W. 560; Crozier v. Hawkeye Stages, 209 Iowa 313, 228 N. W. 320; Brown v. Des Moines Steam Bottling Works, 174 Iowa 715, 156 N. W. 829, 1 A. L. R. 835.

In other words, res ipsa loquitur means that facts of a particular occurrence warrant an inference of negligence; that is, that they furnish circumstantial evidence of negligence when direct evidence may be lacking. It is, therefore, a rule of evidence and is generally so interpreted. Lynch v. Ninemire Pack. Co., 63 Wash. 423, 115 P. 838, L. R. A. 1917E 178; Mayes v. K. C. Power & Light Co., 121

Kan. 648, 249 P. 599; Christensen v. Oregon Short Line R. Co., 35 Utah 137, 99 P. 676, 20 L. R. A. (N. S.) 255, 18 Ann. Cas. 1159. As bearing upon the definition and application of the rule to a great variety of facts and circumstances, we call attention to the following from other jurisdictions. Monkhouse v. Johns (La. App.) 142 So. 347; Waddle v. Sutherland, 156 Miss. 540, 126 So. 201; Walker v. Benz Kid Co., 279 Mass. 533, 181 N. E. 799; Lewis v. Casenburg, 157 Tenn. 187, 7 S. W. (2d) 808, 60 A. L. R. 254; Moore v. Steen, 102 Cal. App. 723, 283 P. 833; Cooper v. Agee, 222 Ala. 334, 132 So. 173; Garfinkel v. Nugent & Bro. Dry Goods Co. (Mo. App.) 25 S. W. (2d) 122; Stephens v. Kitchen Lumber Co., 222 Ky. 736. 2 S. W. (2d) 374; Hammond v. Hammond, 134 Misc. 534, 236 N. Y. S. 100; Arkansas P. & L. Co. v. Beauchamp, 184 Ark. 698, 43 S. W. (2d) 234; Wilson v. Colonial Air Transport, 278 Mass. 420, 180 N. E. 212, 33 A. L. R. 329; Kentucky Utilities Co. v. Sutton's Admr., 237 Ky. 772, 36 S. W. (2d) 380; Delaware Dredging Co. v. Graham (D. C. Pa.) 43 F (2d) 852; Galveston, H. & S. A. Ry. Co. v. Tullis (Tex. Civ. App.) 8 S. W. (2d) 247; Union Gas & Electric Co. v. Waldsmith, 31 Ohio App. 118, 166 N. E. 588; Johnson v. Herring, 89 Mont. 420, 300 P. 535.

It will be observed that the opportunity of knowing the facts of this case was not open to appellee or the driver of the car in which she was riding. They were looking ahead and proceeding at a low rate of speed. The truck driven by Elmer Borg approached from the rear in plain view of the automobile upon a wide public street without obstruction or anything whatever to impede or interfere with the proper operation thereof. Some courts use the word "presumption" instead of "inference". Whether one or the other be used, it is clear in the present instance that what occurred was so out of the ordinary and of such a character as not reasonably to be anticipated or likely to happen as to lead to but one inference, and that is that the truck was operated in a negligent manner. A case quite in point is Washburn v. R. F. Owens Co., 252 Mass. 47, 147 N. E. 564. The Supreme Judicial Court of Massachusetts in that case said:

"Where, however, as here, the uncontradicted evidence shows a broad, smooth highway with only a wagon at the extreme right and one, possibly two, trucks moving at a reasonable speed behind it. with the road open and free from vehicles for a long distance in front; and further shows that a truck struck the wagon from behind;

the evidence certainly justifies, though it may not require, a conclusion that some one was negligent. Vincent v. Norton & Taunton Street Railway Co., 180 Mass. 104, 61 N. E. 822. It presents a situation where an explanation is due, if something other than negligence is the cause of the happening; and it relieves the plaintiff from showing the particular act of carelessness. McNicholas v. New England Tel. & Tel. Co., 196 Mass. 138, 81 N. E. 889."

See, also, Overstreet v. Ober, 14 La. App. 633, 130 So. 648; Gornstein v. Priver, 64 Cal. App. 249, 221 P. 396.

Some reliance is placed by appellant upon Reardon v. Boston El. Co., 247 Mass. 124, 141 N. E. 857, which it is claimed is inconsistent with the later decision of the same court. The distinction lies in the facts, and would seem to be obvious. The instrumentalities involved in this case were, on the part of appellant, under his exclusive control and, ordinarily, such care and control are exercised over such instrumentalities as to prevent occurrences such as the one described in this case. The collision was from the rear and appellee had no means of knowing the particular facts constituting the negligence.

The contention of appellant that the maxim may never be applied to moving vehicles cannot be accepted. We deem it quite unnecessary to review or discuss the great number and variety of cases cited by counsel for appellant. An examination of them, so far as the decisions of this court are concerned, discloses no conflict in either the definition or application of the maxim. Manifestly, more cases have arisen in which carriers of passengers are involved than perhaps of any other class but this fact is of no determinative force. It is universally agreed that no inference of negligence arises from the mere fact that a collision occurred. A collision of two motor vehicles might result without negligence upon the part of the operator of either of them. The facts and circumstances surrounding the occurrence must be considered. It is certainly the general rule that a truck driven by a careful and prudent driver would not ordinarily crash with the rear of a forward moving vehicle of any kind. The inference recognized in such cases is by no means conclusive and may be readily dissipated by an explanation on the part of the party causing the injuries by evidence in the usual way. Appellant did not see fit to offer any explanation or to present testimony in his behalf. Appellee made out a *prima facie* case of negli-

gence, and, in the absence of explanation on the part of defendant or of other evidence, an issue was presented for the jury.

 Both the motion to strike and for more specific statements were properly overruled. Allegations of specific acts of negligence would operate as a waiver of the right to rely upon *res ipsa loquitur*. Orr. v. D. M. Electric Co., 207 Iowa 1149, 222 N. W. 560; Rauch v. Des Moines El. Co., 206 Iowa 309, 218 N. W. 340; Hanna v. Central States Elec. Co., 210 Iowa 864, 232 N. W. 421; Crozier v. Hawkeye Stages, 209 Iowa 313, 228 N. W. 320.

What has already been said sufficiently disposes of many propositions argued by appellant and very properly covers other propositions proper to be considered if the *res ipsa loquitur* rule were not applicable to the facts of this case. The court did not in its charge to the jury mention *res ipsa loquitur*. The cause was submitted as one involving negligence without any specific reference to the nature or character of the proof. *Res ipsa loquitur* being a rule of evidence, it was not necessary for the court to define or limit its application. The question of fact for the jury went to the issue of negligence. This issue depended for its solution on the facts applied in the light of the law as given by the court. The instructions were apparently favorable to appellant. It is possible that the minds of the jury might have been more clearly directed to the facts from which an inference of negligence was permissible, but this could not have aided appellant.

Exceptions were preserved to instructions 5, 6, 7 and other paragraphs of the court's charge to the jury. Instruction No. 5 states the element necessary to be proven, while the following instructions state the law governing the operation of motor vehicles upon the highway and define the duty imposed thereby upon appellant. It is true that no direct issue of excessive speed was presented by the petition, and the reference thereto was included in the general statement of the law. The facts shown speak for themselves and the inference obviously drawn by the jury therefrom was in keeping with the law and rule of evidence applicable thereto. We have examined the charge as a whole, but are convinced that no prejudicial error appears therein. The court might have gone further and have been more specific in stating the permissible inference to be drawn from the circumstances but this could not possibly have been helpful to appellant. San Juan Light & Transit Co. v. Requena, 224 U. S. 89, 32 S. Ct. 399, 56 L. Ed. 680.

The sufficiency of the evidence to justify the submission of the *res ipsa loquitur* rule and to permit recovery at all by plaintiff is also questioned. Mrs. Fagen testified that when the truck struck the car in which she was riding her head was thrown forward and then backward. Appellee gave testimony to the same effect. It is argued from this testimony that this movement of their bodies would, upon the hypothesis asserted, be contrary to the physical facts; that it is explainable only upon the theory that the driver of the automobile put on the brakes or did something suddenly to throw them forward. It is not at all improbable that the force of the impact would tend to throw them forward, but, if so, they would naturally resume the position occupied at the time of the collision. The suggested possible inference is too remote to affect the facts and circumstances tending to make out a *prima facie* case of negligence.

On the question as to whether the allegations of the petition were sufficient, independently of the *res ipsa loquitur* rule, under the facts and circumstances, to charge negligence, we express no opinion.

 Mrs. Fagen was permitted to testify to a conversation had by her with one of the appellants. She testified that she asked him what he meant by running into her car. He said he had no brakes and that she told him that she would see to it that he would get brakes on his truck; that she was then ordered out of the grocery store where the conversation occurred. Objection to the testimony upon the ground that it was incompetent, immaterial, and irrelevant and not within the issues was overruled.. All that is claimed for the testimony by appellee is that it served to identify the driver of the truck. We perceive no theory upon which the evidence was inadmissible. Perhaps the answer that she would see that he put brakes on his car should have been stricken. Under all the facts and circumstances of this case, we are clear, however, that the ruling of the court declining to strike the same was, if erroneous, nonprejudicial.

Other matters discussed by counsel do not require separate consideration. The judgment below must be and it is affirmed.—Affirmed.

MITCHELL, C. J., and CLAUSSEN, ANDERSON, and KINTZINGER, JJ., concur.