J. L. LUTHER, Appellee, v. FRED JONES, Appellant.

No. 42916.

JUNE 21, 1935.

Cory & Sackett and Putnam, Putnam, Langdon & Fillmore, for appellant.

Cornwall & Cornwall and F. C. Lovrien, for appellee.

HAMILTON, J.—On July 8, 1933, about 8 o'clock in the morning, plaintiff was driving his automobile out of the town of Spencer on paved highway No. 71. Near the northern boundary of the city the pavement on this highway, which is 18 feet in width, angles slightly northwest and at this point crosses Sixteenth street, running east and west, which street is a graveled road. The accident occurred a few feet south of this intersection. Plaintiff was going in a northerly direction, traveling at about 12 or 15 miles per hour. As he approached this intersection he observed that there were two or three cars ahead of him, going in the same direction, and one or two cars coming from the opposite direction; that he could not safely turn to the left to pass the cars he was following because of the approach of the cars from the opposite direction, and it was therefore necessary for him to slow down. He released his clutch and let his car coast along. This highway, No. 71, is practically level at this point. As he was slowing down he was struck from the rear by the defendant's truck, which was loaded with lumber and was being driven by an employee, Virgil Hine.

The grounds of negligence submitted to the jury were:

1. In failing to exercise ordinary and reasonable care and prudence to keep a proper and sufficient lookout to discover position of plaintiff's automobile on the highway so as to avoid collision with the plaintiff's car.

2. In failing to use reasonable care so as to have the truck under control.

The petition alleged that the plaintiff was not guilty of any negligence which contributed to the accident; that said accident was caused solely by the negligence and carelessness of

the driver of the defendant's truck, and the acts of the defendant's driver were the proximate cause of the collision and resulting injury and damage, and the defendant, through his agent and employee, and said employee were negligent in the following particulars: The petition then sets out five specific grounds of negligence. By way of answer the defendant admits that there was a collision in which a car driven by the plaintiff and a truck owned by the defendant and driven by Virgil Hine, an employee of the defendant, were involved, but expressly denies that the said collision was due to any negligence on the part of his employee, and alleges the fact to be that the acts and conduct of the plaintiff constituted the sole and proximate cause of the accident; that the plaintiff was guilty of contributory negligence, in that he failed to exercise ordinary care to keep a proper lookout, in that by stopping or slowing down his car he failed first to see that there was sufficient space to make such movement in safety and failed to give a visible or audible signal to the drivers of the vehicles following of his intention to make such movement, in that the plaintiff, after passing to the left of the defendant's truck, returned to the side of the road on which the defendant's truck was driving, within less than 30 feet of the defendant's truck which had been passed, and that the plaintiff was contributorily negligent in failing to exercise ordinary care to have his automobile under proper control; that because of this the employee, Virgil Hine, was at the time and place of said collision faced with a sudden emergency not of his own making; and defendant further alleges that plaintiff's claimed injuries and damages were the sole proximate result of an inevitable accident.

There is an oil station located on the west side of highway No. 71, near this point where it intersects Sixteenth street, and one Dale Oleson, who was working at this station, saw the accident and testified for the defendant. He said he was standing in front of the station, killing time, waiting for a customer, and noticed a car pass a truck. The truck was loaded with lumber. After it got around the truck it was clear back on its own side of the road, about in front of the Standard oil station, and it slowed down suddenly, and the truck struck the rear end of the car a glancing blow on the side of the tire carrier, and it projected the car ahead a short distance, and the driver pulled ahead and off the road, and the driver of the truck did the same. The

driver of the car got out of the car, walked around to the back, and talked to the truck driver. The witness said he didn't go across the street. He said that the car was about 20 to 25 feet in front of the truck when it turned back to the right side of the road in front of the truck. The truck was going quite slowly and was slowing down quite gradually. The paving at this point is approximately level and the shoulder to the east of the paving is level. There is only a slight ditch along the paving at this point, so small you would hardly call it a ditch. ''When they passed my station both cars were over on the right hand side of the road. The truck was going about eight miles per hour.''

The plaintiff testified that he never passed this truck at all; that he was going along, watching the car in front of him and slowing down, with his clutch released and possibly his foot on the brake, in order not to get too close to the car in front of him, when suddenly he was struck by the truck; and that he had not seen the truck and did not know of its presence until it struck him. The only witness for the plaintiff was the plaintiff himself, and the only witness for the defendant was the employee of the oil station. The driver of the truck did not take the witness stand.

At the close of the plaintiff's testimony there was a motion for a directed verdict, and also at the close of all the evidence the motion for directed verdict was renewed, both of which the court overruled. Following the overruling of said motions to direct, a motion to withdraw from the consideration of the jury the various grounds of negligence was submitted, with the result that only the two grounds of negligence above set out were submitted by the court. The defendant also, before argument to the jury was commenced, presented to the court seven instructions, all of which were refused. The case was submitted on instructions of the court, and a verdict in favor of the plaintiff and against the defendant was returned into court. Thereafter, a motion for a new trial and objections and exceptions to the court's instructions were filed in due time by the defendant and overruled by the court, and judgment was entered against the defendant for the amount of the verdict with interest and costs, from which judgment and the order of the court overruling the defendant's motion for a new trial and exceptions to the court's instructions, and from all and singular the judgments, orders,

findings, and rulings made by said court prior to, during and subsequent to said trial in any manner adverse to the defendant, appeal was taken to this court.

There are many specific errors assigned, upon which the appellant relies for reversal, consisting of the court's action in overruling the various grounds of defendant's motion for a directed verdict made at the close of the plaintiff's testimony and incorporated by reference in the renewal of defendant's motion for directed verdict made at the close of all the testimony; in overruling the various grounds of defendant's motion for new trial; in overruling defendant's motion to withdraw issues from the consideration of the jury; in refusing requested instructions; and in giving certain instructions to the jury. These are all set out in appellant's brief and argument and are carefully and earnestly argued. They may all be summarized in two main contentions:

1. That the plaintiff, having relied upon specific allegations of negligence, is required to prove such negligence by a preponderance of the evidence and cannot rely upon the general presumption of negligence from what took place, under the so-called res ipsa loquitur rule; that there was no evidence or proof of the specific allegations of negligence which the court submitted to the jury; that the mere collision between the truck and the car does not raise a presumption of negligence generally, where specific acts of negligence are pleaded.

2. That the instructions of the court imposed too great a duty upon the defendant, in that said instructions required the defendant to keep such a lookout for other vehicles upon the highway so as to avoid a collision therewith and to have his motor vehicle under control so that it might be stopped, slowed down, or turned aside to avoid a collision, said instructions imposing an absolute duty in the respects pointed out, whereas under the law the only duty imposed is to exercise ordinary care, and that instructions which impose an absolute duty and which at the same time instruct abstractly upon the duty of exercising ordinary care, are confusing, contradictory, and misleading.

■■■ Much of the argument, both oral and written, both of the appellant and appellee, is devoted to a discussion of the rule of evidence of res ipsa loquitur. In this state, as in most other states, this doctrine has no application where the plaintiff points out the specific negligence which it is alleged caused the collision

and resulting injury and damages. The reason for this rule is apparent. By pointing out the particular way in which the accident occurred, and the specific negligent acts of the defendant, which it is alleged brought about the accident, amounts to the defendant saying that he knows in what way and manner the defendant was negligent, and having alleged such known acts of negligence, it is equivalent to saying that there are no other acts of negligence which caused or contributed to the injury, and having alleged specific acts of negligence, there is no occasion for relying upon presumption, and where there is no necessity for relying upon presumption the reason for the rule *ex necessitate* fails and, with it, the rule itself. Bobbitt v. United Rys. Co., 169 Mo. App. 424, 153 S. W. 70, 45 C. J. page 1226, par. 786, note 90.

A general allegation of negligence followed in the same count of the pleading by a specific allegation of negligence will amount to a waiver of the general allegation in favor of the specific. Sutcliffe v. Fort Dodge Gas & Electric Co., 218 Iowa 1386, 257 N. W. 406.

The pleadings in this case are exactly in this condition. There was a general allegation of negligence followed by specific allegations of negligence. Allegations of specific acts of negligence operate as a waiver of the right to rely upon res ipsa loquitur. Orr v. Des Moines Electric Light Co., 207 Iowa 1149, 222 N. W. 560; Rauch v. Des Moines Electric Co., 206 Iowa 309, 218 N. W. 340; Hanna v. Central States Electric Co., 210 Iowa 864, 232 N. W. 421; Crozier v. Hawkeye Stages, 209 Iowa 313, 228 N. W. 320; Harvey v. Borg, 218 Iowa 1228, 257 N. W. 190.

The facts in this case surrounding the accident were such that under proper pleading, res ipsa loquitur would undoubtedly apply. The case of Harvey v. Borg, supra, is very similar in its facts to the instant case. In that case the accident took place while the plaintiff was driving on the right-hand side of the street at a speed of 18 or 20 miles per hour. The occupants of the car felt something strike their car in the rear with considerable force, and looking back, saw a grocery truck behind them. The street was without traffic; the pavement was dry; there was nothing to prevent appellant from seeing the car in which appellees were riding. Plaintiff relied upon general allegations of negligence and the court held in the opinion by

Justice Stevens that the case was properly submitted to the jury under the rule of res ipsa loquitur.

It is the contention of the appellant in this case that there is no proof of any particular act of negligence which brought about the collision, and that to permit the plaintiff to recover on the ground of circumstantial evidence, or inferences to be drawn from the thing that happened, would, in effect, wipe out the distinction which this court has made in permitting the rule of res ipsa loquitur to apply in a proper case where general allegations of negligence only are pleaded, and not permitting the rule to apply where specific allegations of negligence are pleaded. There is much force to appellant's contention in this regard. Plaintiff testified that he did not see the truck, didn't know it was behind him until he felt the impact of the collision. He says in his pleading that the proximate cause of the injury was the fact that the driver of defendant's truck failed to keep a lookout and failed to have his truck under control so as to be able to slow down, stop, or turn aside and avoid the collision. Was the court justified in submitting the case to the jury on these allegations under this proof? This is the vital question in this case.

While it was not necessary for the plaintiff to allege in his petition specific acts of negligence—general allegations of negligence would have been sufficient—but having alleged certain specific acts of negligence, he cannot depart from the issues thus tendered, and the court is warranted in submitting only those grounds which find support in the evidence. Kelly v. Muscatine, B. & S. R. Co., 195 Iowa 17, at page 21, 191 N. W. 525.

█▐█ It was therefore incumbent upon plaintiff to establish by preponderance of the evidence that the defendant was negligent in one or more of the particular grounds alleged in his petition in order to entitle him to recover in this case. To do this in the instant case he must necessarily almost entirely rely upon circumstantial evidence or inferences to be drawn from the facts and circumstances surrounding the accident. Negligence, like any other fact, may find its support in circumstantial evidence. ''A well connected train of circumstances may be as cogent of the existence of a fact as an array of direct evidence.'' Hemminger v. City of Des Moines, 199 Iowa 1302, 203 N. W. 822, 824. To warrant the jury in returning a verdict for the plaintiff, based upon circumstantial evidence alone, the circum-

stances relied upon by the plaintiff must be of such a nature and so related to each other that the only conclusion that can be fairly or reasonably drawn therefrom is the conclusion indicated by the verdict. It is not sufficient that the circumstances be consistent merely with the plaintiff's theory, for that may be true and yet they may have no tendency to prove the theory. If other conclusions than that contended for may reasonably be drawn from the facts and circumstances in evidence as to the cause of the injury, the evidence does not support the conclusion sought to be drawn from it. Neal v. Railway Co., 129 Iowa, page 5, 105 N. W. 197, 2 L. R. A. (N. S.) 905. See, also, Kearney v. Town of De Witt, 199 Iowa 530, 202 N. W. 253; Peterson v. Dolan, 186 Iowa 848, 855, 172 N. W. 950; Wiederin v. Chicago & N. W. R. Co., 212 Iowa 1103, 237 N. W. 344.

There was evidence from which the jury could find that the plaintiff was lawfully operating his automobile on a level, paved, public highway in daylight. As he proceeded on his way he overtook other cars going in the same direction. He was prevented from safely passing them because of the approach of a car or cars from the opposite direction. They were approaching an intersection. Naturally, he would not know which way these cars were going to go from this intersection. It was not a proper place to undertake to pass a car. The alternative was to do just what he claimed he did do—reduce the speed of his car until he got beyond the intersection, and until the cars from the opposite direction had passed by, leaving the way open for him to pass the cars in front of him if he desired to go at a greater rate of speed. His attention was naturally directed to the cars in front of him. The driver of defendant's truck going in the same direction, was likewise in a position to see the situation which confronted the plaintiff because of the circumstances related. He could have seen and in the exercise of reasonable and ordinary care should have seen, that there was nothing else that the plaintiff could do at that particular moment but to proceed slowly until an opening was made. Plaintiff undoubtedly had the right to assume that any driver, seeing the situation which confronted the plaintiff, would naturally adjust himself and the operation of his car accordingly. The physical facts were present which called for caution on the part of the driver of the truck, being in the rear of all these cars. Acting as a reasonably prudent person, he would be able to observe the possibility

of danger which called for the exercise of ordinary care in avoiding a collision. They were all going slowly. Both the plaintiff's car and the truck had slowed down to ten miles an hour or less. The pavement was practically level, and at the rate of speed the truck was traveling, momentum would not materially interfere with the control of the same by the driver. There was no ditch at the side of the road. The shoulder was practically level. To avoid a collision three ways were open to the driver of the truck. He could slow down to the speed of the car in front of him; he could apply his brakes and stop; or he could turn out to the right on the shoulder.

The two grounds of negligence, failure to keep a lookout, and failure to have the car under control, were submitted to the jury. If he failed to keep a proper lookout he might run into the car, but there is no evidence, aside from the fact of the accident, that he failed to keep a proper lookout. If he did not have his car under control, even though he was keeping a proper lookout, the accident might occur because of this fact. Just why he failed to stop is not disclosed by the evidence, except the legitimate inferences to be drawn from all the surrounding circumstances revealed by the evidence. The driver was not placed upon the witness stand. He attempted to make no explanation. The jury was left entirely with the circumstances and legitimate inferences drawn therefrom. Are there other legitimate, rational inferences or conclusions to be reasonably and fairly drawn from the circumstances than those submitted to the jury, namely, that the accident or collision was due either to a failure on the part of the driver of the truck to keep a proper lookout or a failure to have his truck under proper control? Here was an 18-foot level paving, with level shoulders and practically no ditch at the right of the paving. Ample room was available, if necessary, to enable the driver of the truck to turn to the right, drive off on the shoulder, and avoid the collision in this way. The paving was dry, there was no rain, sleet, snow, or fog. It was in the daytime, and the day was clear. There was nothing to affect visibility, no diverting cause on account of weather or surface conditions. It was not a matter of speed. Defendant's own witness says both drivers were driving slowly and at the time of the accident the truck was only going 8 miles an hour, not over 10 at the outside. If the jury believed plaintiff's version of the facts what other rational conclusion could

fairly and reasonably be drawn therefrom than that the driver of the truck either failed to keep a proper lookout or failed to have his truck under proper control? At least, was it not a question under this state of facts and circumstances to be submitted to the jury for its determination? We think there was evidence from which the jury might have found that the negligence of the plaintiff contributed to the cause of the injury, but this was for the jury to determine. The jury evidently accepted the plaintiff's version and returned its verdict accordingly.

We are constrained to hold that the court was justified, under the facts and circumstances disclosed by the record, in submitting the case to the jury on the two grounds of negligence above set out; and, taking into consideration all the surrounding facts and circumstances and the testimony of the plaintiff and the witness Oleson that the jury was warranted in finding that the only fair and reasonable inference to be drawn from the circumstances and evidence was that the proximate cause of the collision was due either to a failure on the part of the driver of the truck to keep a lookout or failure to have his car under proper control, and the jury having found in favor of the plaintiff, this court is not at liberty to disturb its findings.

Other assignments of error deal with the instructions of the court. We have carefully read the requested instructions in the light of the instructions given by the court. The substance of all the requested instructions, save one, was incorporated in the court's instructions, and the one omitted had no possible reference to the facts in the case. To adequately discuss each of the errors lodged against the court's instructions would require the setting out of practically the entire instructions of the court. We think the court carefully covered every question, that his instructions were carefully drawn and no necessary element was omitted, that they were fair, plain, and unambiguous, and, when considered together, clearly presented the issues involved. We think the appellant is more or less hypercritical in the alleged errors relating to the instructions of the court.

Finding no reversible error in the record, it follows that the verdict and judgment of the court must stand affirmed.— Affirmed.

All Justices concur.