JOHN ARMBRUSTER, Appellant, v. CARLTON GRAY, Appellee.

No. 44266.

NOVEMBER 15, 1938.

James M. Stewart and Merrill B. Oransky, for appellant.

Gibson & Stewart, for appellee.

HAMILTON, J.—The accident causing the injury for which damages is sought to be recovered in this action occurred about 12:30 a. m. on November 15, 1936, at which time the plaintiff,

a man 52 years old, was walking in a westerly direction along the right half of the paved portion of Hickman Avenue, an arterial drive or street across the city of Des Moines, Iowa. Plaintiff was on his way home from a club room where he had spent the evening. He entered Hickman Avenue at about 21st Street and had traversed about nine blocks toward the west on this avenue and had reached a point beyond the intersection of 30th Street and Hickman Avenue when he was struck by the defendant's car approaching him from the east. At the same time, there was another car traveling in an easterly direction which had reached a point 20 or 25 feet west of the place of the accident traveling on its right hand side of the pavement which would necessarily require these two cars to meet and pass each other very close to the point where the accident occurred. The night was cloudy and plaintiff was clothed in blue overalls, a blue shirt and a dark colored zipper jacket. There are no sidewalks on either side of the street in the vicinity of this accident. On each side of the street are telephone and electric light poles and numerous tall trees. The paving is 21 feet in width with 6 feet of parking space from the edge of the paving to the lot line. There are houses along the north side of the street and the yards or lawns run out substantially level to the pavement and, while the general character of the parking space is shown to be more or less rough and irregular, the plaintiff testified that "it is somewhat level on the north side where I was struck." There is a hill or knoll, the peak of which was 200 feet east of the point of the accident, which slopes off to the east so that a car coming from the east would not be able to see the plaintiff until it had reached the top of this elevation. The incline toward the west was very gradual appearing to the naked eye to be almost level. There were street lights on some of the telephone poles along this street and one of these lights was on the next pole a short distance west of the point of the collision. The grounds of negligence, briefly stated, are: (1) failure to keep a proper lookout, (2) failure to drive at a careful and prudent speed, (3) driving at a speed in excess of the legal limit of 25 miles per hour in a residential district of the city, (4) failure to have the car under control and to reduce speed to a reasonable and proper rate when approaching and passing the plaintiff, and (5) failure to sound a horn or other signaling device. By motion to direct a verdict at the close of the plaintiff's evidence, the

defendant challenged the sufficiency of the evidence to establish (a) the negligence of the defendant in any of the particulars specified in the petition and (b) plaintiff's freedom from contributory negligence. This motion was sustained and it is from this ruling of the court that the plaintiff has appealed.

It will thus be necessary to briefly review the plaintiff's evidence. The only witness placed on the witness stand was the plaintiff. That we may have the full benefit of plaintiff's version, we set out, in so far as practical, his own language, as follows:

"It was not a very cloudy night. It was calm, still, not what you would call a dark night and still it was not moonlight. The paving was dry. I had been walking on the north side of the road about four feet from the north edge of the paving all the time and came up over the hill and got to the place where the accident happened. Two or three cars had passed me and I saw a car coming from the west. It was over on the right hand side of the road going east. I also heard one coming from behind me to the east. *I did not turn around to see whether it was a car or a truck or what it was.* I heard the sound of the motor and saw the lights reflected from the pavement and *I knew a car was coming.* It sounded as if it were coming pretty fast. *I did not know how far away the car was when I heard it* but it sounded as if it were quite a ways away. *I kind of looked around, just partly around, but not far enough to see how far away it was.* I turned just partly around. There was a car coming from the west and I saw the head lights. That car was traveling on its own south half of the pavement. It had not passed me yet. I hardly think it was even with me at the time I was struck. There was about 8 or 10 feet clearance between me and the oncoming west car—sufficient room for the car from the east to have passed me. The car from the west had lights on. I started across the pavement. I did not walk slow, I just stepped across. At the moment I was struck I was not walking due north. *I was just sort of angling off across the paving; I was traveling northwest.* I started to step over three or four feet and as I stepped toward the curb, I got hit on the right side. I was just ready to take my next step up on the curb when I was struck. I was probably four feet from the curb when I first noticed there was a car coming and I started

edging over toward the curb at once. I was familiar with the street and in the daytime it carried considerable traffic. I knew it was a cross town arterial street. There was no intersection where this accident happened." (Italics ours.)

The foregoing, with the addition of three exhibits being two photographs and a plat of the scene of the accident, constitutes all the plaintiff's evidence.

After a careful analysis of the plaintiff's own story and after giving his testimony the most favorable interpretation possible in support of his contention, we see no escape from the conclusion which the trial court reached, namely, that there was insufficient evidence of the negligence of the defendant and of plaintiff's freedom from contributory negligence to warrant the court submitting the case to the jury. The rules of law applicable are set forth in Lindloff v. Duecker, 217 Iowa 326, 251 N. W. 698, and Taylor v. Wistey, 218 Iowa 785, 254 N. W. 50, in which cases will be found a very thorough and careful analysis of the law relating to the duties and obligations governing a pedestrian upon the highway and it would serve no useful purpose to again enter into an extended discussion of the matter. Under the rules of law therein announced, the decision of the trial court must necessarily be affirmed.

In the Lindloff case, we said [page 329 of 217 Iowa, page 700 of 251 N. W.]:

"In traveling on the right side of the pavement, it is the duty of a pedestrian to protect himself from the rear by looking backwards * * *. He may assume that persons approaching him from either direction will not violate the law and will exercise ordinary care in keeping a lookout for him. This, however, does not relieve him from the duty of keeping a reasonable lookout, for his own safety, for vehicles approaching him from the rear as well as from the front. * * * The exercise of ordinary care on decedent's part * * * should have required him to look behind, especially when he must have known a car was approaching him from the rear." In the same case, we said: "* * * the safest place for a pedestrian to travel is near the extreme edge of his left side facing the oncoming traffic."

This rule governing pedestrians in traveling upon the highway has since been enacted into our statute by the legislature. Section 354-a, ch. 134, 47th G. A.

1230

■ Plaintiff, in the exercise of reasonable care and prudence, must have known that these two cars would necessarily have to pass each other at or near where he was walking on the paving and that the car from his rear would be forced to occupy the north half of the paving in so doing. When he saw the reflection of the lights and heard the motor of the car behind him, ordinary care and prudence for his own safety would require that he immediately ascertain, as near as he could reasonably do so by his faculties, the proximity of the car to him and to govern his conduct accordingly. If he chose not to look, he should have at least speedily removed himself from the place of danger and not proceeded, as the evidence shows he did in this case, at an ordinary pace, to edge or angle off in a northwesterly direction. While the evidence shows that he was not walking slowly it does not show that he quickened his pace or that he took the shortest course to a place of safety. Therefore, the action of the trial court was justified and must be upheld on the ground that plaintiff failed to establish freedom, on his part, from contributory negligence.

■ The other ground of the motion, viz., that the evidence of the defendant's negligence was insufficient is equally meritorious. This court said in Harvey v. Borg, 218 Iowa 1228, 1232, 257 N. W. 190, 193:

"It is universally agreed that no inference of negligence arises from the mere fact that a collision occurred."

The plaintiff could not recover under the doctrine of *res ipsa loquitur* for the reason that he chose to rely upon specific acts of negligence. Whitmore v. Herrick, 205 Iowa 621, 218 N. W. 334; Luther v. Jones, 220 Iowa 95, 261 N. W. 817. Plaintiff does not seek to recover under the *res ipsa loquitur* doctrine but does contend that he was entitled to have the case submitted to the jury on the theory that, from the circumstances shown, the jury might reasonably infer negligence and cites in support of his theory the case of Luther v. Jones, supra. However, the circumstances in this case are not such as to make applicable the principle of law under which the case of Luther v. Jones, supra, was permitted to go to the jury, namely, that there was no other reasonable conclusion that could be fairly drawn from the circumstances except that the injury was due to one or more

causes constituting the grounds of negligence alleged in the plaintiff's petition.

We, therefore, conclude that the ruling of the trial court was right and the case must be and is accordingly affirmed.—Affirmed.

SAGER, C. J., and DONEGAN, MITCHELL, and KINTZINGER, JJ., concur.

STIGER and MILLER, JJ., concur in result.