JAMES M. JOHNSON et ux., appellants, v. BENJAMIN D. VAN WERDEN, M.D., et al., appellees.

## No. 51118.

(Reported in 125 N.W.2d 782)

JANUARY 14, 1964.

Joseph L. Phelan, of Fort Madison, for appellants.

Johnson & Phelan, of Fort Madison, and Boyd, Walker & Concannon, of Keokuk, for appellees.

STUART, J.—This is a malpractice case which was originally brought against several doctors, a nurse and a hospital. All parties have been eliminated from the case either by dismissal or

settlement except Doctor Van Werden. The action against him is based upon alleged negligent diagnosis and treatment. At the close of defendant's case the trial court sustained his motion for directed verdict and refused to allow plaintiff the opportunity to offer rebuttal evidence.

The case presents two questions on appeal: (1) whether the trial court erred in directing a verdict for the defendant, and (2) whether the trial court erred in refusing to permit rebuttal evidence.

In considering the propriety of a directed verdict for defendant we will give plaintiff's evidence the most favorable construction it will reasonably bear. No citation of authority is necessary. See rule 344(f)2, Rules of Civil Procedure. Plaintiff's case consisted of his testimony and that of his wife, pictures of his leg, the hospital records and a sample of the latex material involved. No expert evidence was offered by plaintiff.

On June 15, 1959, plaintiff was admitted to Graham Hospital by Doctor Van Werden, who was treating him for sciatic rheumatism. On the 16th his right leg was placed in traction to treat this ailment. Plastic latex material was placed along his ankle and leg and an elastic bandage was wrapped around it. The bandage supplied the means by which the rope holding the weights was attached to plaintiff's leg. When traction was applied, he complained of terrible pain and his leg was taken down, rewrapped and lighter weights used.

The next day, June 17, he complained of a burning sensation on his right leg. His leg was again taken down and gauze placed under the latex and rewrapped. Plaintiff testifies he was in traction two days and two nights. Progress reports initialed by defendant and introduced by plaintiff as part of the hospital records show that traction was removed on the 17th. When the bandage was removed there were red streaks running up plaintiff's leg. About two hours later blisters formed. On the 19th the blisters were opened and calamine lotion was applied. He remained in the hospital until June 26 during which time his leg was kept elevated, bathed in boric acid and the lotion applied. Some blisters were still draining when he was discharged

on the 26th of June. He continued the same treatment at home in accordance with the doctor's instructions.

From June 27 till July 28 he saw Doctor Van Werden professionally two or three times. Sometime during this period, just when the record is not clear, the Achilles' tendon became exposed. He told the doctor the leg would not heal by itself and needed some help. He was returned to the hospital July 28 for a "secondary closure" operation which was not successful. Dr. Robert P. Lichtenberg was brought in and performed a skin graft which did not take. A flap graft operation was then performed. This required his legs to be crossed and immobilized in a cast for a period of 11 days. The graft was successful and he was discharged from the hospital September 23, 1959. He developed ulcer burns on his legs from having them crossed which required primary closure and further hospitalization from October 14 through the 17th.

Defendant introduced testimony creating conflicts in the evidence. He gave his opinion that the blisters were caused by an allergy. Other doctors supported his testimony that traction in the manner described is a usual and common method of treating sciatic rheumatism. They also stated the symptoms indicated an allergic reaction and were not consistent with either too tight a bandage or a traction burn caused by a slipping of the bandage.

At this stage of the trial, defendant again moved for a directed verdict which was sustained by the trial court, who also refused to let plaintiff introduce rebuttal evidence which he claimed would prove the blisters could not have been caused by an allergic reaction.

I. Plaintiff contends the evidence is sufficient (1) because the lack of care was so obvious as to be within the comprehension of a layman and can be understood by common knowledge and experience making expert testimony unnecessary (citing Daiker v. Martin, 250 Iowa 75, 91 N.W.2d 747). (2) Expert evidence is not always required when the injury is to a part of the body not under treatment (citing Stickleman v. Synhorst, 243 Iowa 872, 52 N.W.2d 504, and cases cited therein).

The main force of plaintiff's charges of negligence

are directed toward the manner in which traction was applied to his right leg. His contention is that the formation of blisters after traction was applied for up to 48 hours is sufficient to show the doctor must have been negligent. We do not believe that such a result indicates such an obvious lack of care that expert testimony is not needed. It is common knowledge that certain treatments necessary to accomplish a major purpose may produce bad side effects. The skin ulcer which formed on plaintiff's leg while he was in a cast is such an example. Adhesive tape is a common source of skin irritation and blistering. The mere fact that blisters appeared after removal of a bandage applied so that traction could be used is not a result which is so obviously uncalled for a layman could conclude it was the result of negligence.

The cases cited by plaintiff which hold expert evidence is not required when a physician injures a part of the body not under treatment are not applicable to the instant case as the right leg which received the injury was involved in the treatment of the back ailment.

The injury of which plaintiff complains actually resulted from the failure of the blisters to heal properly. It would seem that he would have been on more solid ground if he had directed his charges of negligence toward failure to properly treat the blisters. Plaintiff was released from the hospital when some blisters were still draining. They apparently did not heal because of secondary infection in the open sores. Defendant claimed on the stand the infection did not appear until the last week of July 1959, yet his progress notes dated June 25, 1959, the day before plaintiff was discharged from the hospital, state: "patient has dev. secondary infection in the wound".

We cannot assume, however, it is negligence to release a patient from the hospital if sores are draining or infected. Many such conditions are treated without hospitalization. There is no evidence from which a jury could conclude the treatment received in the hospital or the instructions for care at home were improper. There is no proof that a secondary closure operation would have been successful if performed sooner or that the delay affected the result of the skin graft.

For us to hold that a jury question had been created on this issue would require us to hold that blisters which became secondarily infected and would not heal necessarily presuppose negligent treatment by the physician. Many factors may enter into such result.

As we say in Kirchner v. Dorsey & Dorsey, 226 Iowa 283, 290, 284 N.W. 171, 176, in quoting from O'Grady v. Cadwallader, 183 Iowa 178, 192, 166 N.W. 755, 759:

" 'There is no implied guaranty of results, and all the law demands is that the practitioner bring to the service of his patient and apply to the case that degree of skill and care, knowledge and attention, ordinarily possessed and exercised by practitioners of the medical profession under like circumstances and in like localities; and it is the general holding of the courts that the bare fact that full recovery does not result, or that a surgical operation is not entirely successful, is not, in and of itself, evidence of negligence; and, in the absence of any showing from those learned in the profession that there was a failure to do that which ought to have been done in the treatment of the injury, or that there was that done which ought not to have been done in the treatment of the injury, there can be no recovery.' "

We cannot say the lack of care is so obvious as to be within the comprehension of a layman without expert testimony. The trial court correctly sustained the defendant's motion for directed verdict.

II. Plaintiff alleges error in the refusal of the trial court to permit him to introduce rebuttal testimony. Defendant expressed the opinion that the blisters were the result of an allergic reaction and offered expert testimony that the symptoms indicated an allergic reaction. Immediately following defendant's evidence, his counsel made a motion for directed verdict stating it was made "at the close of all the evidence". This phrase reappears several times in defendant's argument. The record, however, does not show that plaintiff ever rested or waived his right to rebuttal following defendant's evidence. In fact it shows clearly he was at all times insisting upon the right to offer rebuttal testimony which he claimed would prove the blisters could not have been caused by an allergic reaction.

■ We wish to emphasize our disapproval of trial procedure whereby a party is deprived of the opportunity to present rebuttal evidence by the sustaining of a motion for directed verdict for defendant at the close of his case. Such motion should be made after the opposite party has rested, either at the close of the main case or after rebuttal or waiver of the right of rebuttal. In Horridge v. Nichols, 194 Iowa 295, 297, 189 N.W. 763, we say:

"It is appropriate that a party present a motion for a directed verdict after the other party has rested. It is not appropriate that he should present such a motion after he himself has rested, and before the other party has rested. The defendant's motion was presented at the close of his own evidence, and before the plaintiff had rested or had waived his right of rebuttal."

■ Allen v. Travelers Protective Association of America, 163 Iowa 217, 225, 143 N.W. 574, 48 L. R. A., N. S., 600, cited by defendant as authority for the proposition that rebuttal is largely a matter of discretion with the trial court is concerned with what is proper rebuttal, not the right of rebuttal itself. The trial court upon proper objection could exercise its discretion in deciding whether the evidence is in fact rebuttal, but plaintiff's right to offer rebuttal evidence cannot be taken away from him by a directed verdict at the close of defendant's case. It was error for the trial court to refuse plaintiff the opportunity to present rebuttal evidence.

In considering whether this error was so prejudicial to plaintiff as to constitute reversible error, we will treat the record as if statement of plaintiff's counsel, "this plaintiff intends to show by competent evidence that the material used in wrapping of this plaintiff's leg is not irritant to this plaintiff and in no manner could have caused an allergic reaction" was supported by competent evidence.

It is our conclusion that this evidence, which would have rebutted defendant's testimony that the blisters were caused by an allergy, would not help plaintiff discharge his duty of establishing defendant's negligence. As stated under Division I, in the absence of expert testimony plaintiff must prove the lack of

care is so obvious as to be within the comprehension of laymen and requires only common knowledge and experience to understand. Whether the blisters were caused by allergy, traction burns or otherwise is unimportant because the appearance of blisters following treatment of this kind does not obviously indicate negligence. If negligence were predicated upon failure to properly treat the blisters, the deficiencies in the proof of which have been already discussed, the cause of the blisters would again be unimportant.

Therefore we hold the error of the trial court in refusing to permit plaintiff to offer rebuttal testimony, under these facts and in view of plaintiff's statement as to the evidence he wished to offer, was not prejudicial.

For the reasons hereinabove set out this case is affirmed.— Affirmed.

All JUSTICES concur.