. **NOVAK HEATING & AIR CONDITIONING,**
Appellee,

v.

**CARRIER CORPORATION, Appellant,**

and

**Yellow Freight System and Yeoman's Distributing, Defendants.**

No. 99–0238.

Supreme Court of Iowa.

Feb. 14, 2001.

---

Webb L. Wassmer of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for appellant.

No appearance for appellee.

NEUMAN, Justice.

We granted further review to consider defendant Carrier Corporation's claim that the district court and court of appeals misapplied fundamental tort principles in the resolution of this small claims dispute. We agree with Carrier's contentions and, therefore, vacate the decision of the court of appeals and reverse the district court judgment against Carrier.

The facts are essentially undisputed. Plaintiff, Novak Heating & Air Conditioning, ordered a roof top heating and air conditioning unit through Carrier's distributor, Yeoman's Distributing. Yeoman's never saw or handled the unit. Carrier instead shipped it directly to Novak, surrounding the unit with shrink-wrap and packing it in wooden pallets, top and bottom. Defendant Yellow Freight, a common carrier, picked up the packaged unit at Carrier's dock, and Novak picked up the unit at Yellow Freight's warehouse in Cedar Rapids. At no time did Yellow Freight inspect or unpack the unit while in its possession.

Novak planned to install the unit on the roof of its building. During installation, Novak removed the packaging and discovered that the unit's condensing coil was severely damaged. Estimated cost of repairs to the unit totaled $3450.75.

Novak brought an action in small claims court against Carrier, Yeoman's and Yellow Freight for the cost of necessary repairs. The court first determined Yeoman's had no liability based on its contract with Novak. The contract provided that "[a]ll shipments and deliveries shall be F.O.B. shipping point." *See* Iowa Code § 554.2509(1)(a) (1997) (when buyer does not require seller to deliver goods to specific destination, risk of loss passes to buyer when goods delivered to common carrier). Thus the court held Yeoman's was relieved of liability when Carrier delivered the unit to Yellow Freight.

Pertinent to this appeal, the court then found Carrier and Yellow Freight jointly and severely liable for the damage sustained by the unit. The court theorized that these defendants shared joint control of the unit after its manufacture but prior to receipt by Novak. On Carrier's appeal to the district court, that court affirmed the small claims court's reasoning. Finding the damages occurred either at Carrier's plant or on Yellow Freight's truck, the court ruled "[s]imilar to res ipsa loquitur, the burden shifted to each defendant to show *lack* of injury on their part." (Emphasis added.)

We granted Carrier's application for discretionary review and transferred the case to the court of appeals. There, on a two-to-one vote, the court affirmed the district court's imposition of joint and several liability. The dissent, noting the case involved *sequential* tort suspects, not *simultaneous* ones, found the res ipsa doctrine inapplicable. Because Novak failed to furnish proof that the unit was damaged while in Carrier's possession, the dissent reasoned, no liability should attach to Carrier.

The case is now before us on Carrier's application for further review. At no point has Yellow Freight appealed the judgment entered against it. The only question is whether judgment was properly entered against Carrier.

■ Our review is limited to the correction of errors at law. *Iowa Coal Mining Co. v. Monroe County*, 555 N.W.2d 418, 427 (Iowa 1996).

## I. Applicable Legal Principles.

■ It is axiomatic that, in order to prevail on a claim of negligence, the plaintiff must establish that the defendant owed the plaintiff a duty of care, the defendant breached that duty, the breach was the actual and proximate cause of the plaintiff's injuries, and the plaintiff suffered damages. *Walls v. Jacob North Printing Co.*, 618 N.W.2d 282, 285 (Iowa 2000). The mere occurrence of an accident, without more, is not proof of negligence. *Brewster v. United States*, 542 N.W.2d 524, 528 (Iowa 1996). The plaintiff carries the burden of "produc[ing] 'evidence from which reasonable persons may conclude that, upon the whole, it is more likely that the event was caused by negligence than that it was not.'" *Id.* (quoting W. Page Keeton et al., *Prosser & Keeton on the Law of Torts* § 39, at 242 (5th ed.1984)).

■ Where, as here, no direct evidence of negligence is available, a plaintiff

may rely on circumstantial evidence. One rule of circumstantial evidence, res ipsa loquitur, permits an inference of negligence when (1) the injury is caused by an instrumentality under the exclusive control of the defendant, and (2) the occurrence is such that in the ordinary course of things would not happen if reasonable care had been used. *Id.* at 529. Importantly, the doctrine applies only when control and negligence coincide. *Town of Reasnor v. Pyland Constr. Co.*, 229 N.W.2d 269, 272 (Iowa 1975). In other words, "[f]ailure to connect the defendant with the negligent event defeats the application of res ipsa loquitur." *Brewster*, 542 N.W.2d at 528–29.

The difficulty in successfully applying the res ipsa doctrine in the case of multiple defendants was demonstrated in *Town of Reasnor*. There the city sued two construction companies, each involved in constructing separate parts of a sewer system. One contractor constructed sewer mains and manholes while the other constructed sewage lagoons, a lift station, and force main. *Town of Reasnor*, 229 N.W.2d at 270. The two parts of the system were designed to connect but, because of an unexpectedly high water table at the first manhole, the first contractor had to adjust its plans, an event causing problems for the second contractor when it "tied–in" its work. *Id.* at 271. One manhole eventually sunk, causing the sewer pipe to break. *Id.* The town of Reasnor sued both contractors, alleging both specific acts of negligence and general negligence based on res ipsa loquitur. The trial court refused to submit the town's claims of general negligence and the jury returned a defense verdict on plaintiff's claims of specific negligence. *Id.* at 272.

On appeal, the town challenged only the court's failure to submit its claim under the doctrine of res ipsa loquitur. We affirmed the trial court's decision, finding that "there was insufficient exclusive control by either defendant for the application of the doctrine." *Id.* Addressing the problem of applying res ipsa loquitur to two defendants, we said:

> "Unless there is vicarious liability or *shared control*, the logical rule usually is applied, that the plaintiff does not make out a preponderant case against either of two defendants by showing merely that he has been injured by the negligence of one or the other."

*Id.* (emphasis added) (quoting William L. Prosser, *Handbook on the Law of Torts* § 39, at 221 (4th ed.1971)). Because the construction companies' control of the instrumentalities at issue was consecutive rather than shared, neither company could be shown to have had exclusive control when the negligence occurred, thus making the doctrine of res ipsa loquitur inapplicable.

## II. Application of Law to the Facts.

■■■■ The record before us plainly reveals consecutive rather than shared control of the air conditioning unit by defendants Carrier and Yellow Freight. Under these facts, the trial court and court of appeals improperly inferred negligence based on the doctrine of res ipsa loquitur. Moreover, both courts erroneously applied the burden-shifting rule of Restatement (Second) of Torts section 433B(3). The rule states:

> Where the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm.

Restatement (Second) of Torts § 433B(3), at 441–42 (1965). In order for this Restatement section to apply, the plaintiff must first demonstrate that *both* actors were negligent, even though the resulting damage may have been caused by only one of them. *See id.* cmt. g, at 446. This principle is demonstrated by the following illustration:

> A and B, independently hunting quail, both negligently shoot at the same time

in the direction of C. C is struck in the face by a single shot, which could have come from either gun. In C's action against A and B, each of the defendants has the burden of proving that the shot did not come from his gun, and if he does not do so is subject to liability for the harm to C.

*Id.* illus. 9, at 447. In the case at hand, Novak did not establish that either Carrier's or Yellow Freight's conduct was negligent. Factually, the situation is strikingly similar to one used in the Restatement to illustrate this point:

> Over a period of three years A successively stores his furniture in warehouses owned by B, C, and D. At the end of that time A finds that his piano has been damaged by a large dent in one corner. The nature of the dent indicates that it was caused by careless handling on a single occasion. A has the burden of proving whether the dent was caused by the negligence of B, C, or D.

*Id.* illus. 10, at 447. Just as A could not recover for his dented piano, Novak cannot recover from Carrier as well as Yellow Freight for its dented air conditioner because Novak has failed to show that the conduct of either defendant was negligent. *Cf. Walls*, 618 N.W.2d at 285–86 (record permitted inference that one of two defendants may have destabilized ladder without warning roofer but record insufficient to connect a defendant, acting alone or in concert with the other, to negligent act). The burden-shifting rule of Restatement section 433B(3) is simply inapplicable to the facts before us and should not have been employed to infer negligence by Carrier.

We therefore vacate the decision of the court of appeals and reverse that portion of the district court judgment finding Carrier Corporation liable. The judgment against Yellow Freight, not having been appealed, shall stand.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT**

**JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.**