JERRY D. CARVER, APPELLANT, *v.* RASHAD EL-SABAWI, M.D., RESPONDENT.

No. 41267

March 24, 2005                    107 P.3d 1283

---

*Burris, Thomas & Springberg* and *Laurence B. Springberg,* Las Vegas, for Appellant.

*Mandelbaum Gentile* and *Kim Irene Mandelbaum,* Las Vegas, for Respondent.

Before ROSE, GIBBONS and HARDESTY, JJ.

# OPINION

By the Court, GIBBONS, J.:

In this appeal, we consider whether a "mere happening instruction" and a res ipsa loquitur instruction, given to the jury in a medical malpractice case, were so conflicting that absent additional evidence, the judgment on the jury verdict should be reversed and this case remanded for a new trial. We conclude that they were.

## FACTS

Appellant Jerry D. Carver suffered a nerve injury to his left arm and hand sometime during or after an appendectomy. He filed suit against anesthesiologist Rashad El-Sabawi, M.D., the respondent, and surgeon Ronald Rosen, M.D., alleging negligence.

At trial, the district court gave a mere happening instruction that largely tracked language found in *Gunlock v. New Frontier Hotel.*[1] The instruction read:

> The mere fact that an unfortunate or bad condition resulted to the patient involved in this action is not sufficient of itself to predicate liability. Negligence is never presumed, but must be established by competent evidence.

The district court also gave a res ipsa loquitur instruction, based upon NRS 41A.100(1)(d).[2] The instruction stated:

> The law provides for a rebuttable presumption that a personal injury was caused by negligence where the personal injury was suffered during the course of treatment to a part of the body not directly involved in the treatment or proximate thereto.
>
> If you find by a preponderance of the evidence that an injury was suffered during the course of treatment to a part of the body not directly involved in the treatment or proximate thereto then the rebuttable presumption operates to shift to the defendants the burden of proving, by a preponderance of the evidence, that the personal injury was not caused by negligence.

---

[1]78 Nev. 182, 370 P.2d 682 (1962).

[2]NRS 41A.100 codifies and supplies the res ipsa loquitur theory of negligence in medical malpractice cases where it is factually applicable. *See Johnson v. Egtedar,* 112 Nev. 428, 433-34, 915 P.2d 271, 274-75 (1996).

If, on the other hand, you do not find by a preponderance of the evidence that an injury was suffered during the course of treatment to a part of the body not directly involved in the treatment or proximate thereto, then the burden of proving by a preponderance of the evidence consisting of expert medical testimony or material from recognized medical texts or treatises that the personal injury was caused by negligence remains with the plaintiff.

Recognizing the potential for conflict between these two instructions, the district court approved a separate stock instruction for clarification, which stated:

The Court has given you instructions embodying various rules of law to help guide you to a just and lawful verdict. Whether some of these instructions will apply will depend upon what you find to be the facts.

The jury returned a verdict for both doctors. Carver appeals.[3]

### DISCUSSION

Carver argues that the district court erred in giving the mere happening instruction because it inappropriately raised his burden of proof, negated the res ipsa loquitur instruction, and contained language that would confuse the jury. In response, Dr. El-Sabawi asserts that competing instructions alone do not constitute reversible error because each litigant is entitled to have the jury instructed on all theories of his or her case supported by the evidence and the court's clarifying instruction reconciled any perceived conflict between the competing instructions. Even if the mere happening instruction was given in error, Dr. El-Sabawi argues that Carver failed to demonstrate from the partial record on appeal how that error affected the jury verdict.

Jury instructions that tend to confuse or mislead the jury are erroneous.[4] However, a judgment will not be reversed by reason of an erroneous instruction, unless upon consideration of the entire case, including the evidence, it appears that such error has resulted in a miscarriage of justice.[5] Usually, without a trial transcript or a statement of the evidence, the record will contain no substantial in-

---

[3]Dr. Rosen settled and was dismissed from this appeal.

[4]*See Zelavin v. Tonopah Belmont,* 39 Nev. 1, 7-11, 149 P. 188, 189-91 (1915).

[5]*Pfister v. Shelton,* 69 Nev. 309, 310, 250 P.2d 239, 239 (1952); *Truckee-Carson Irr. Dist. v. Wyatt,* 84 Nev. 662, 666, 448 P.2d 46, 49 (1968).

dicia that an error in instructing the jury has had a prejudicial effect.[6] Nevertheless, an examination of the partial record on appeal is warranted to ascertain whether the possibility that the error was harmless could be disregarded as improbable or remote.[7] Where a party may reasonably contend that, but for the error, a different result might have been reached, the burden of showing that prejudice resulted is met.[8] Here, from the totality of the evidence presented in the record, we conclude that appellant has met his burden.

A number of jurisdictions have addressed the potential conflict in offering both a mere happening instruction and a res ipsa loquitur instruction. Some jurisdictions have stated that their variations of a mere happening instruction and a res ipsa loquitur instruction should not be given together because they may confuse the jury.[9] Other jurisdictions have stated that their versions of these two instructions do not conflict when offered together.[10]

The general negligence rule is that a mere happening of an accident or injury will not give rise to the presumption of negligence.[11] "Res ipsa loquitur is an exception to the general negligence rule, and it permits a party to infer negligence, as opposed to affirmatively proving it, when certain elements are met."[12] However, in *Gunlock,* we stated, "The mere fact that there was an accident or other event and someone was injured is not of itself suf-

---

[6]*Driscoll v. Erreguible,* 87 Nev. 97, 101, 482 P.2d 291, 294 (1971); *see also Pfister,* 69 Nev. at 310-11, 250 P.2d at 239-40.

[7]*Driscoll,* 87 Nev. at 101, 482 P.2d at 294.

[8]*Id.* at 102, 482 P.2d at 294; *see also Peterson v. Silver Peak,* 37 Nev. 117, 138, 140 P. 519, 527 (1914).

[9]*See, e.g., Rasmus v. Southern Pacific Company,* 301 P.2d 23, 26-28 (Cal. Dist. Ct. App. 1956) (railroad employee struck by pipe thrown by shipper's employee); *Kitto v. Gilbert,* 570 P.2d 544, 551 (Colo. Ct. App. 1977) (medical malpractice); *Nielsen v. Pioneer Valley Hosp.,* 830 P.2d 270, 274 (Utah 1992) (medical malpractice).

[10]*See, e.g., Bazzoli v. Nance's Sanitarium,* 240 P.2d 672, 677-78 (Cal. Dist. Ct. App. 1952); *Middleton v. Post Transp. Co.,* 235 P.2d 855, 856 (Cal. Dist. Ct. App. 1951) ("The fact that the doctrine of res ipsa loquitur is applicable in an action for personal injury does not deprive a defendant of his right to an instruction that the mere fact of injury is no evidence of his negligence or liability."); *Jones v. Porretta,* 405 N.W.2d 863, 874-76 (Mich. 1987) (medical malpractice); *Stearns v. Plucinski,* 482 N.W.2d 496, 498-99 (Minn. Ct. App. 1992) (medical malpractice); *Miller v. Kennedy,* 588 P.2d 734, 737 (Wash. 1978) (medical malpractice); *see also Schnear v. Boldrey,* 99 Cal. Rptr. 404, 408-09 (Ct. App. 1971) (medical malpractice).

[11]*Hilton v. Hymers,* 57 Nev. 391, 395, 65 P.2d 679, 680 (1937).

[12]*Woosley v. State Farm Ins. Co.,* 117 Nev. 182, 188, 18 P.3d 317, 321 (2001).

ficient to predicate liability. Negligence is never presumed but must be established by substantial evidence."[13]

Here, the mere happening instruction follows *Gunlock* in stating that negligence is never presumed. The use of the word "never" in the mere happening instruction suggests an absolute proposition that clashes with the subsequent res ipsa loquitur instruction. To instruct the jury that negligence is never presumed and then proceed to further instruct the jury of a scenario where negligence may in fact be presumed is prima facie prejudicial because it raises the strong possibility of confusing and misleading the jury. Consequently, Carver reasonably contended that, but for the facially conflicting instructions, a different result might have been reached at trial.

Therefore, we hereby distinguish *Gunlock* in cases in which the district court instructs the jury under the theory of res ipsa loquitur and also includes a mere happening instruction. In such cases, the district court must omit from the mere happening instruction the *Gunlock* language stating that negligence is never presumed. Here, the instruction must be presented to the jury as follows: "The mere fact that an unfortunate or bad condition resulted to the patient involved in this action is not sufficient of itself to predicate liability."

## CONCLUSION

Because a mere happening instruction that states that negligence is never presumed conflicts with the res ipsa loquitur instruction, is a misleading and imprecise statement of the law, and very likely confused and misled the jury, we conclude that Carver was prejudiced. Accordingly, we reverse the district court's judgment and remand this matter for a new trial.

ROSE, J., concurs.

HARDESTY, J., concurring in part and dissenting in part:

The res ipsa instruction and the mere happening instruction given at trial were in conflict. In medical malpractice cases, in which both of these instructions are given, the mere happening instruction must be tailored to omit language stating that negligence is never presumed. I concur in the instruction suggested by the majority.

---

[13]78 Nev. at 185, 370 P.2d at 684; *see also Eggers v. Harrah's Club, Inc.,* 86 Nev. 782, 784, 476 P.2d 948, 949-50 (1970).

However, I dissent regarding the appropriate remedy for this jury instruction error. The standard for reversal requires that ''[p]rejudice is not presumed,''[1] and that ''[t]he burden is upon the appellant to show the probability of a different result.''[2] Establishing that a jury instruction error had a prejudicial effect on a party usually requires presenting the trial transcript or a statement of the evidence.[3] However, the majority simply presumes that prejudice occurred given the conflicting instructions.

Carver had the affirmative duty to present evidence to establish that, but for the error, a different result might have been reached. The record before us consists of the jury instructions; a transcript of the argument settling instructions; and a transcript of the defense expert's testimony who opined that: (1) Dr. El-Sabawi met the standard of care, (2) there was no evidence that there was improper positioning or inadequate padding during surgery, and (3) the medical records are not consistent with the claim that the ulnar nerve injury occurred during anesthesia and surgery. This limited record does not contain sufficient evidence to establish prejudice; therefore, I conclude that Carver failed to meet this burden, and respectfully dissent as to the majority's reversal and grant of a new trial.

[1]*Truckee-Carson Irr. Dist. v. Wyatt,* 84 Nev. 662, 666, 448 P.2d 46, 49 (1968).

[2]*Id.* at 667, 448 P.2d at 50.

[3]*Driscoll v. Erreguible,* 87 Nev. 97, 101, 482 P.2d 291, 294 (1971).