# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4141

_____

| | | |
|---|---|---|
| Depositors Insurance Company; Brooke Miller, | * | |
| | * | |
| | * | |
| Plaintiffs/Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Wal-Mart Stores, Inc.; Walgreen Company, | * | |
| | * | |
| | * | |
| Defendants, | * | |
| | * | |
| General Electric Company; Frank Fletcher Companies, LTD, doing business as Cheyenne Home Furnishings and Cheyenne Industries, Inc., | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Defendants/Appellees. | * | |

_____

Submitted: September 27, 2007
Filed: November 6, 2007

_____

Before LOKEN, Chief Judge, WOLLMAN and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

The district court[1] granted the motions for summary judgment of General Electric Co. (GE) and Frank Fletcher Cos., LTD, d/b/a Cheyenne Home Furnishings and Cheyenne Industries, Inc. (Fletcher) (collectively, the defendants[2]) and dismissed the claims of Depositors Insurance Co. (Depositors) and Brooke Miller (Miller) (collectively, the plaintiffs) based on product liability, implied warranty of merchantability, and negligence. We affirm.

## I.    BACKGROUND

Miller owned a home in Des Moines, Iowa, and purchased homeowners insurance from Depositors. Miller bought an extension cord manufactured by GE and a lamp manufactured by Fletcher. Miller placed the Fletcher lamp on an end table near an upholstered chair, plugged the lamp into the GE extension cord, and plugged the extension cord into an electrical outlet.

On October 9, 2004, a fire occurred at the Miller residence. The fire damaged the extension cord, lamp, end table, upholstered chair, and the house. The plaintiffs' expert, Todd Hartzler, could neither locate the point of origin of the fire nor reach a conclusion regarding the cause of the fire. Miller paid the $500 deductible on the insurance policy, Depositors paid $88,503.36 in benefits, and Miller assigned her subrogation interest to Depositors.

The plaintiffs filed a complaint, alleging product liability, implied warranty of merchantability, and negligence claims. The plaintiffs maintained either the GE

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

[2]The parties stipulated to the dismissal of Wal-Mart Stores, Inc. and Walgreen Company.

extension cord or the Fletcher lamp cord caused the fire. The defendants moved for summary judgment on all the claims. The district court granted summary judgment for the defendants. The plaintiffs appeal.

## II.    DISCUSSION

We review de novo a grant of summary judgment. Libel v. Adventure Lands of Am., Inc., 482 F.3d 1028, 1033 (8th Cir. 2007). Federal Rule of Civil Procedure 56(c) provides summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To be a genuine issue of fact, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be a material fact, the factual issue must potentially "affect the outcome of the suit under the governing law." Id. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Because the federal courts have diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, we apply the law of the State of Iowa. See HOK Sport, Inc. v. FC Des Moines, L.C., 495 F.3d 927, 934 (8th Cir. 2007).

### A.    Product Liability

The plaintiffs asserted a manufacturing defect in either the GE extension cord or Fletcher lamp cord caused the fire. In Wright v. Brooke Group, Ltd., 652 N.W.2d 159 (Iowa 2002), the Supreme Court of Iowa adopted the Product Restatement, which provides a product "contains a manufacturing defect *when the product departs from its intended design* even though all possible care was exercised in the preparation and

marketing of the product." Id. at 178; Restatement (Third) of Torts: Product Liability § 2(a) (1998). "[A] manufacturing defect is a departure from a product unit's design specifications." Id. § 2 cmt. c; see also Parish v. Icon Health & Fitness, Inc., 719 N.W.2d 540, 545 (Iowa 2006) (noting, in adopting the Product Restatement, the Supreme Court of Iowa also adopted the associated commentary). A departure from the intended design of a product cannot be determined without knowing the actual intended design of the product. Thus, under Iowa law, an essential element of any manufacturing defect claim is the intended design of the product. See Wright, 652 N.W.2d at 178-79 (citing "[a] manufacturing defect exists only where an item is substandard when compared to other identical units off of the assembly line" (quoting In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig., 97 F.3d 1050, 1054 n.4 (8th Cir. 1996))). Here, the plaintiffs never offered any evidence showing (1) the intended design of either the extension or lamp cords or (2) how the manufacturing of these cords departed from the intended product designs. Therefore, the plaintiffs failed to make a showing sufficient to establish the existence of essential elements of the manufacturing defect claims. The district court properly granted summary judgment on the plaintiffs' product liability claims.

## B.    Implied Warranty of Merchantability

The plaintiffs also brought claims for breach of implied warranty of merchantability, arguing the extension and lamp cords were not fit for the ordinary purpose for which cords are used.[3] Iowa Code section 554.2314 provides for an

---

[3]The plaintiffs also argued the extension and lamp cords failed to conform to the defendants' promises, however, the plaintiffs never identified any promises made by the defendants. See generally Iowa Code § 554.2314(2)(f) (providing the implied warranty of merchantability guarantees goods "conform to the promises or affirmations of fact made on the container or label if any"). "Mere allegations not supported with specific facts are insufficient to establish a material issue of fact and will not withstand a summary judgment motion." Henthorn v. Capitol Commc'n, Inc., 359 F.3d 1021, 1026 (8th Cir. 2004).

implied warranty of merchantability.[4]   "[W]arranty liability under section 554.2314(2)(c) requires proof of a product defect as defined in Products Restatement section 2."  Wright, 652 N.W.2d at 182; see also Restatement (Third) of Torts: Product Liability § 2(a) cmt. n (stating a manufacturing defect claim and an implied warranty of merchantability claim "rest on the same factual predicate" and thus "these two claims are duplicative and may not be pursued together in the same case"). Because the plaintiffs failed to make a showing sufficient to establish a manufacturing defect in either the extension or lamp cords, the district court properly granted summary judgment on the plaintiffs' implied warranty of merchantability claims.

## C.    Negligence

The plaintiffs asserted general negligence claims under the res ipsa loquitur doctrine.  Res ipsa loquitur is a rule of evidence and a type of circumstantial evidence, which permits, but does not compel, an inference of negligence upon showing an injury "would not have occurred absent some unspecified but impliedly negligent act." Sammons v. Smith, 353 N.W.2d 380, 385 (Iowa 1984); see also Brewster v. United States, 542 N.W.2d 524, 528-29 (Iowa 1996) (en banc).  "Under Iowa law, res ipsa loquitur applies when '(1) the injury is caused by an instrumentality under the exclusive control of the defendant, and (2) the occurrence is such as in the ordinary course of things would not happen if reasonable care had been used."  Brewster, 542 N.W.2d at 529 (quoting Mastland, Inc. v. Evans Furniture, Inc., 498 N.W.2d 682, 686 (Iowa 1993)).

---

[4]Section 554.2314, in relevant part, provides:

1. Unless excluded or modified (section 554.2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . . .

2. Goods to be merchantable must be at least such as . . .
    c. are fit for the ordinary purposes for which such goods are used.

Res ipsa loquitur depends upon the "defendant's complete and exclusive control of the instrumentalities that cause the injury." Oak Leaf Country Club, Inc. v. Wilson, 257 N.W.2d 739, 744 (Iowa 1977) (quoting Eaves v. City of Ottumwa, 38 N.W.2d 761, 769 (Iowa 1949)). To satisfy the exclusive control requirement, "[t]he injury must either be traced to a specific instrumentality or cause for which the defendant was responsible, or it must be shown that the [defendant] was responsible for all reasonably probable causes to which the accident could be attributed." Graber v. City of Ankeny, Iowa, 616 N.W.2d 633, 643 (Iowa 2000) (en banc) (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 39, at 248 (5th ed. 1984)). The exclusive control must have occurred at the time of the negligent act. Weyerhaeuser Co. v. Thermogas Co., 620 N.W.2d 819, 832 (Iowa 2000) (en banc). The purpose of the exclusive control requirement is "'to link the defendant with the probability, already established, that the accident was negligently caused.'" Brewster, 542 N.W.2d at 528 (quoting Prosser and Keeton on the Law of Torts § 39, at 248). "Failure to connect the defendant with the negligent event defeats the application of res ipsa loquitur." Id. at 528-29.

"If it appears that two or more instrumentalities, only one of which was under defendant's control, contributed to or may have contributed to the injury, the [res ipsa loquitur] doctrine cannot be invoked."[5] Humphrey v. Happy, 169 N.W.2d 565, 569

---

[5]In support of this proposition, the district court cited to Highland Golf Club of Iowa Falls, Iowa v. Sinclair Refining Co., 59 F. Supp. 911, 917-18 (N.D. Iowa 1945), superseded on other grounds by statute Iowa Code ch. 668, as recognized in McGuire v. Davidson Mfg. Corp., 258 F. Supp. 2d 945, 953 (N.D. Iowa 2003). The plaintiffs argue the district court erred by citing to a superseded case.

In Highland Golf Club of Iowa Falls, 59 F. Supp. at 912-13, a golf club brought a general negligence claim under the res ipsa loquitur doctrine against a gasoline vendor. A fire occurred in the golf club's garage while the gasoline vendor was delivering gasoline. The district court entered a directed verdict for the gasoline

(Iowa 1969) (quoting with approval 38 Am. Jur. <u>Negligence</u> § 300 (1941)). "'Unless there is vicarious liability or *shared control*, the logical rule usually is applied, that the plaintiff does not make out a preponderant case against either of two defendants by showing merely that [the plaintiff] has been injured by the negligence of one or the other.'" <u>Novak Heating & Air Conditioning v. Carrier Corp.</u>, 622 N.W.2d 495, 498 (Iowa 2001) (en banc) (quoting <u>Town of Reasnor v. Pyland Constr. Co.</u>, 229 N.W.2d 269, 272 (Iowa 1975)); <u>see</u> <u>also</u> <u>Pastour v. Kolb Hartware, Inc.</u>, 173 N.W.2d 116, 126 (Iowa 1969) (holding if multiple instruments controlled by different defendants caused the injury, res ipsa loquitur can only apply if the defendants "have been properly charged as joint tortfeasors or have been in joint control of the instrumentality or agency causing the injury, or where one was vicariously liable for the other's

vendor because "the situation lack[ed] the element of exclusive control of the instrumentalities which is necessary to give rise to the doctrine of res ipsa loquitur." <u>Id.</u> at 918. The district court never concluded the golf club was negligent. <u>Id.</u> at 919 (recognizing "fires are frequent occurrences and in a great many cases without any negligence on the part of anyone").

In the discussion of the applicable law, the district court noted "[w]here the rule of res ipsa loquitur is applicable, this does not change the rule that the plaintiff must plead and prove his freedom from contributory negligence." <u>Id.</u> at 914. Before Iowa adopted the principles of comparative fault, "the doctrine of contributory negligence prohibited any party who caused the injury from recovering." Jeffrey A. Stone, <u>The Law of Contribution and Tort-Based Indemnity in Iowa</u>, 55 Drake L. Rev. 113, 116-17 (2006). The enactment of the Iowa Comparative Fault Act abolished the defense of contributory negligence, relieving the plaintiff from the obligation of pleading and proving freedom from contributory negligence. <u>See</u> Iowa Code ch. 668.

Insofar as <u>Highland Golf Club of Iowa Falls</u> was decided based on the golf club's contributory negligence, the Iowa Comparative Fault Act superseded the decision; however, the district court also decided <u>Highland Golf Club of Iowa Falls</u> based on the gasoline vendor's lack of exclusive control over the instrumentalities causing the injury. The enactment of the Iowa Comparative Fault Act has not affected this interpretation of the case.

negligence" (quoting E. H. Schopler, <u>Applicability of res ipsa loquitur in case of multiple defendants</u>, 38 A.L.R.2d 905, 906 (1954))).

Here, the plaintiffs identify two instruments—the GE extension cord and the Fletcher lamp cord—that potentially could have caused the fire. The plaintiffs never specifically identify the instrument that caused the fire; rather, the plaintiffs proceed on the assumption that identifying two instruments that potentially could have caused the fire is a sufficient basis upon which to apply the res ipsa loquitur doctrine. The plaintiffs, however, are incorrect. We hold the plaintiffs' alternative theories of the instrument that caused the fire precludes the application of the res ipsa loquitur doctrine. Again, "the plaintiff does not make out a preponderant case against either of two defendants by showing merely that [the plaintiff] has been injured by the negligence of one or the other." <u>Novak Heating & Air Conditioning</u>, 622 N.W.2d at 498 (quoting <u>Town of Reasnor</u>, 229 N.W.2d at 272).

Additionally, the plaintiffs never argued Fletcher and GE are vicariously liable or joint tortfeasors. Finally, GE's control over the extension cord and Fletcher's control over the lamp are independent acts of control over separate and distinct instruments. <u>Cf.</u> <u>Town of Reasnor</u>, 229 N.W.2d at 272 (holding two construction contractors had not shared control when one contractor completed its work before the other contractor began its work). Here, the plaintiffs alleged the defendants negligently manufactured the cords. Neither GE nor Fletcher shared control over the other's manufacturing operation. The district court properly granted summary judgment on the plaintiffs' general negligence claims.

## III.   CONCLUSION

We affirm the judgment of the district court.

_____